Mr. Robert E. Huebner General Counsel Downtown Development Authority Law Offices Huebner, Murray Fulton Professional Association 321 Southeast 15th Avenue Post Office Box 2427 Fort Lauderdale, Florida 33303
Dear Mr. Huebner:
This is in response to your request for an opinion on the following question:
 CAN A PERSON SERVE ON THE PERFORMING ARTS CENTER AUTHORITY FOR BROWARD COUNTY AND ON THE BROWARD COUNTY SCHOOL BOARD WITHOUT VIOLATING THE TERMS OF SECTION 5(a), ARTICLE II, STATE CONST.?
Your inquiry notes that the Performing Arts Center Authority was created by special act of the Legislature during the 1984 session (SB 776, tentatively assigned to Ch. 84-396, Laws of Florida) and that the members of the Authority are appointed by the Fort Lauderdale City Commission, the Broward County Commission and the Downtown Development Authority of the City of Fort Lauderdale. See, section 2(1) of SB 776. You also note that, as provided in section 1 of the act, the Performing Arts Center Authority is a body corporate and politic charged with the responsibility of developing, constructing and directing a Performing Arts Center in downtown Fort Lauderdale.
Additionally, your inquiry notes that the Broward County School Board does not appoint members of the Performing Arts Center Authority and does not approve or disapprove the budget of the Authority, and moreover, that the Authority obviously does not appoint any member of the School Board, nor does it have any power over the budget of the School Board.
Section 5(a), Art. II, State Const., provides:
 No person holding any office of emolument under any foreign government, or civil office of emolument under the United States or any other state, shall hold any office of honor or of emolument under the government of this state. No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, constitutional convention, or statutory body having only advisory powers. (e.s.)
Your letter indicates that the Downtown Development Authority is considering appointing, as its designate, a member of the school board to the Performing Arts Center Authority, and thus you have asked whether such a person can serve as a member of the Performing Arts Center Authority without violating s 5(a), Art. II. For the following reasons, your question is answered in the affirmative.
Section 4(a), Art. IX, State Const., provides for the creation of school districts and the election of members of the board for such districts. See also, ss 230.01 and 230.03(1) and (2) (defining the District Unit, District School System and District School Board and providing for independent powers of school boards); 230.04 (membership of school board); 230.10 (election of board by district-wide vote); and 230.11 (members represent entire district).
Numerous opinions of the Attorney General have concluded that district officers, as officers of special districts, entities created by law to perform a special governmental function, are not covered by the constitutional prohibition against dual officeholding. See, AGO 83-53 (expressly concluding, in discussing the applicability of this prohibition to various district boards, such as district school boards, that since members of such boards "are not state, county, or municipal office[r]s within the contemplation of s 5(a), Art. II," that this prohibition is not applicable to them); AGO 80-16 (concluding that a legislator may serve as a member of a community college district board of trustees, relying in part on AGO 75-153); AGO 75-153 (concluding that a member of the board of trustees of a community college district is not a state, municipal or county officer for purposes of s 5[a], Art. II); accord, AGO's 73-47 (junior college district); 71-324, 75-60; 69-49; 78-74.
I therefore am of the opinion that a member of a district school board does not hold an "office" for purposes of the constitutional prohibition against dual officeholding.
Moreover, I do not perceive the common law rule on incompatible offices to be operative in this instance. The purpose of that doctrine is to prevent a public officer from holding two incompatible offices at the same time and is in effect in this state notwithstanding the existence of a constitutional prohibition on the same subject. See, AGO's 80-16, 73-359 and Gryzik v. State, 380 So.2d 1102 (1 D.C.A. Fla., 1980). As noted in your letter, neither the school board or the Performing Arts Center Authority has appointment powers or budgetary or managerial powers over the other, nor would there appear to be any conflict between the duties and functions of the members of these two boards; neither is subordinate to the other in any way that I am aware of. Compare, AGO's 70-46 and 75-60.
Additionally, I might also add that SB 776 does not contain, and I am not aware of any general or special law provision that members of the school board of Broward County may not serve in other offices, or that members of the Performing Arts Council Authority may not serve in other offices. Compare, AGO 71-280 (construing a special law which expressly prohibited an "elected public official" from serving on the Broward County Area Planning Board).
In summary, it is my opinion that a person can serve on the Performing Arts Center Authority for Broward County and on the District School Board of Broward County without violating the terms of s 5(a) of Art. II, State Const., since school board members are constitutionally and statutorily denominated district officers and are not officers of "state, county, or municipal government," for the purposes of that constitutional provision.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General